09-4923-ag
Fan v. Holder

BIA
Abrams, IJ
A094 917 763

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

WU FAN,
> *Petitioner,*

v.                                    09-4923-ag
                                      NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Wu Fang, *pro se*, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Russell J.E. Verby, Senior
                         Litigation Counsel; Terri León-
                         Benner, Trial Attorney, Office of
                         Immigration Litigation, U.S.
                         Department of Justice, Washington
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wu Fan, a native and citizen of the People's Republic of China, seeks review of the October 28, 2009, order of the BIA affirming the January 17, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wu Fan*, No. A094 917 763 (B.I.A. Oct. 28, 2009), *aff'g* No. A094 917 763 (Immig. Ct. N.Y. City Jan. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions including the portions of the IJ's decision not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519, F.3d 90, 95 (2d Cir. 2008).

The agency's adverse credibility determination is based on what we conclude is substantial evidence in light of the inconsistencies in Wu Fan's testimony, inconsistencies between his testimony and his asylum application, and inconsistencies between his testimony and that of his sister regarding his whereabouts in China prior to his departure during the time he claimed to distribute Falun Gong materials, his mother's need for medical treatment, which he claimed caused him to distribute Falun Gong materials for money, and where and when he claims to practice Falun Gong in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an adverse credibility determination may be based on "the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency goes to the heart of the applicant's claim.").

Although Wu Fan now attempts to explain why he and his sister testified that he practiced Falun Gong at different times of the day and why his sister first testified that she

3

saw him practice at a particular location and then testified that she did not, the record supports the agency's findings that these were in fact inconsistencies. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 338, 342 (2d Cir. 2006). Neither Wu Fan nor his sister offered these explanations to the agency, even though the inconsistencies were self-evident.

In addition to his challenge to the adverse credibility determination, Wu Fan claims that the agency erred in finding that he had not suffered past persecution on account of a protected ground. However, the agency did not make any determination regarding a lack of a nexus to a protected ground. It determined instead that the harm he claimed to have suffered did not rise to the level of persecution because the only harm he claimed was that the police were looking for him. This allegation of harm is insufficient to constitute a claim of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); *Matter of Acosta*, 19 I. & N. Dec. 211, 216 (BIA 1985).

Finally, because the factual predicate of Wu Fan's claim of future persecution and torture, namely his alleged distribution of Falun Gong materials in China and his alleged current practice of Falun Gong in the United States,

is dependent on the testimony properly found not to be credible, the agency reasonably denied withholding of removal and CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk